**RECORD NO. 13-4086**

In The

# United States Court Of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## DAVID MATTHEW HALLMAN,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

————————

**BRIEF OF APPELLANT**

————————

Stacey D. Rubain
QUANDER & RUBAIN, P.A.
301 N. Main Street
Suite 2020
Winston-Salem, NC 27101
(336) 725-6600

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................. ii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES........................................................2

STATEMENT OF THE CASE...........................................................3

STATEMENT OF THE FACTS .........................................................5

SUMMARY OF ARGUMENT ..........................................................16

ARGUMENT .................................................................................17

    AFTER A THOROUGH AND EXTENSIVE SEARCH OF THE
RECORD, COUNSEL FOR THE DEFENDANT HAS
CONCLUDED THAT THERE ARE NO MERITORIOUS
GROUNDS TO BE RAISED ON HIS BEHALF IN THIS APPEAL..........17

        Standard of Review ...............................................................17

        Discussion .........................................................................17

        Rule 11 Colloquy.................................................................17

        Validity of Appeal Waiver ......................................................21

        Reasonableness of Sentence ..................................................22

CONCLUSION.............................................................................28

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California*,
>386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) ..........................16, 17

*Gall v. United States*,
>552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ....................22, 23, 27

*McCoy v. Wisconsin*,
>486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) ...........................16

*Penson v. Ohio*,
>488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) ...............................16

*Puckett v. United States*,
>556 U.S. 129, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009) ...........................24

*Rita v. United States*,
>551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) ...........................23

*United States v. Abu Ali*,
>528 F.3d 210 (4th Cir. 2008) ........................................................23

*United States v. Blick*,
>408 F.3d 162 (4th Cir. 2005) ........................................................21

*United States v. Carter*,
>564 F.3d 325 (4th Cir. 2009) ........................................................23

*United States v. DeFusco*,
>949 F.2d 114 (4th Cir. 1991) ........................................................18

*United States v. General*,
>278 F.3d 389 (4th Cir. 2002) ........................................................21

*United States v. Johnson*,
    410 F.3d 137 (4th Cir. 2005) ........................................................21

*United States v. Manigan*,
    592 F.3d 621 (4th Cir. 2010) ........................................................21

*United States v. Martinez*,
    277 F.3d 517 (4th Cir. 2002) ........................................................18

*United States v. Mehta*,
    594 F.3d. 277 (4th Cir. 2010) ........................................................24

*United States v. Moreland*,
    437 F.3d 424 (4th Cir. 2006) ....................................................22, 23

**Statutes:**

18 U.S.C. § 2241(a) or (b) ...........................................................6, 10

18 U.S.C. § 2251(a) ...................................................................1, 3, 5

18 U.S.C. § 2256 ..............................................................................5

18 U.S.C. § 3553(a) ...........................................................22, 23, 26

18 U.S.C. § 3742(a) .........................................................................1

28 U.S.C. § 1291 .............................................................................1

**United States Sentencing Guidelines:**

U.S.S.G. § 2G2.1.......................................................................*passim*

U.S.S.G. § 2G2.1(b)(1)(A).......................................................*passim*

U.S.S.G. § 2G2.1(b)(1)(B)...............................................................7

U.S.S.G. § 2G2.1(b)(2)(A).......................................................*passim*

U.S.S.G. § 2G2.1(b)(2)(B)..........................................................6, 10

U.S.S.G. § 2G2.1(b)(4) ..................................................................*passim*

U.S.S.G. § 2G2.1(b)(5) ..................................................................*passim*

U.S.S.G. § 2G2.1(d) ...........................................................................24

U.S.S.G. § 2G2.1(d)(1) ....................................................................5, 12

U.S.S.G. § 3A1.3 ..........................................................................6, 8, 10

U.S.S.G. § 3D1.4 ...............................................................................12

U.S.S.G. § 5G1.1(a) ...........................................................................25

U.S.S.G. § 5G1.2(d) ...........................................................................25

**Rule(s):**

Fed. R. App. P. 4(b) .............................................................................1

Fed. R. Crim. P. 11 .........................................................................*passim*

Fed. R. Crim. P. 11(b)(1) .....................................................................18

Fed. R. Crim. P. 11(b)(2) .....................................................................18

Fed. R. Crim. P. 11(b)(3) .....................................................................18

## JURISDICTIONAL STATEMENT

1.    <u>Basis for Subject Matter Jurisdiction in District Court</u>

The Defendant is appealing from his criminal conviction and sentence imposed in the United States District Court for the Middle District of North Carolina, before the Honorable Catherine C. Eagles, United States District Judge. Jurisdiction was conferred upon the United States District Court pursuant to 18 U.S.C. § 2251(a).

2.    <u>Basis for Jurisdiction in the Court of Appeals</u>

This Honorable Court has jurisdiction over appeals from final judgments of the district court under 28 U.S.C. § 1291, 18 U.S.C. § 3742(a) and Fed. R. App. P. 4(b).

3.    <u>This Sentence is Appealable</u>

On August 15, 2012, the Defendant pled guilty to four counts of using a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a).  The Defendant was sentenced on January 4, 2013 and Judgment was imposed on January 17, 2013.  Notice of appeal was filed on January 30, 2013.  This appeal is from a final Order.

## STATEMENT OF THE ISSUES

After an extensive review of the entire record in this case, Counsel for the Defendant has concluded that there are no meritorious grounds to be raised on his behalf.  Although counsel has reached this conclusion, counsel does assert as alternative issues: (1) whether the Defendant's guilty pleas were knowingly and voluntarily entered; (2) whether the appeal waiver contained in the Defendant's plea agreement was valid; and (3) whether the Defendant's sentence was reasonable.  This Court must review the entire record in this case to determine whether there are any meritorious issues that counsel has overlooked.

## STATEMENT OF THE CASE

On January 27, 2012, the Defendant was charged in a ten-count Bill of Indictment, and charged in Counts One through Eight, with the offense of using a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a).  The Defendant pled guilty to Counts One, Two, Five and Seven of the Indictment pursuant to a written Plea Agreement on August 15, 2012.

On January 4, 2013, the district court sentenced the Defendant as follows: in Count One, the Defendant received a sentence of 360 months imprisonment, to be followed by a lifetime term of supervised release; in Count Two, the Defendant received a sentence of 360 months imprisonment, which was to run consecutive to the terms of imprisonment imposed in Counts One, Five, and Seven, to be followed by a lifetime term of supervised release, which was to run concurrent with the terms of supervised release imposed in Counts One, Five, and Seven; in Count Five, the Defendant received a sentence of 360 months imprisonment, which was to run consecutive to the terms of imprisonment imposed in Counts One, Two, and Seven, to be followed by a lifetime term of supervised release, which was to run concurrent with the terms of supervised release imposed in Counts One, Two and Seven; and in Count Seven, the Defendant received a sentence of 360 months imprisonment, which was to run consecutive to the terms of imprisonment imposed

3

in Counts One, Two, and Five, to be followed by a lifetime term of supervised release, which was to run concurrent with the terms of supervised release imposed in Counts One, Two, and Five. The remaining counts of the Indictment against the Defendant were dismissed. Judgment was entered on January 17, 2013. Notice of appeal was filed on January 30, 2013.

## STATEMENT OF THE FACTS

On August 16, 2011, the Defendant directed law enforcement to a wooded area in Cabarrus County, North Carolina, wherein he had previously disposed of 3 hard drives containing hundreds of videos and thousands of images of child pornography, as defined by 18 U.S.C. § 2256. Pre-Sentence Report at ¶11. Some of the videos and images found depicted the Defendant and his co-defendant, Mary Freda Williams (hereinafter "Williams") engaged in oral, anal, and vaginal intercourse with their own minor children, as well as other minor children under the age of twelve years or between the ages of twelve and sixteen years. *Id*. at ¶¶ 18-19.

On January 27, 2012, the Defendant and Williams were indicted in a ten-count Indictment returned by a federal grand jury in the Middle District of North Carolina and the Defendant was charged in Counts One through Eight, with the offense of using a minor to engage in sexually explicit conduct for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a). On August 15, 2012, the Defendant pled guilty to Counts One, Two, Five and Seven of the Indictment pursuant to a written plea agreement.

Following the Defendant's guilty pleas, a Pre-Sentence Report ("PSR") was prepared by the Probation Office. Since the offense involved the exploitation of more than one minor child, pursuant to U.S.S.G. § 2G2.1(d)(1), every victim,

whether named in the count of conviction or not, was treated as if contained in a separate count of conviction. *Id.* at ¶33. Thus, the PSR made the following offense level calculations:

    1.    **<u>Count One:</u>** The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1. *Id.* at ¶34. The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A). *Id.* at ¶35. The Defendant received a 4-level upward adjustment because the offense involved the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b), pursuant to U.S.S.G. § 2G2.1(b)(2)(B). *Id.* at ¶36. The Defendant received a 4-level upward adjustment because the offense portrayed sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.1(b)(4). *Id.* at ¶37. The Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5). *Id.* at ¶38. And the Defendant received a 2-level upward adjustment because the victim was physically restrained during the course of conduct pursuant to U.S.S.G. § 3A1.3. *Id.* at ¶39. The adjusted offense level for Count One was 48. *Id.* at ¶42.

2.    **Count Two:**  The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1.  *Id.* at ¶43.  The Defendant received a 2-level upward adjustment because the offense involved a minor child who had attained the age of twelve years but had not attained the age of sixteen years pursuant to U.S.S.G. § 2G2.1(b)(1)(B).  Id. at ¶44.  The Defendant received a 2-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. § 2G2.1(b)(2)(A).  *Id.* at  ¶45.  And the Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5).  Id. a ¶46.  The adjusted offense level for Count Two was 38.  *Id.* at ¶50.

3.    **Count Five:**  The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1.  *Id.* at ¶51.  The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A).  *Id.* at ¶52. The Defendant received a 2-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. § 2G2.1(b)(2)(A).  *Id.* at ¶53.  The Defendant received a 4-level upward adjustment

because the offense portrayed sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.1(b)(4). *Id.* at ¶54. And the Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5). *Id.* at ¶55. The adjusted offense level for Count Five was 44. *Id.* at ¶59.

4. **Count Seven:** The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1. *Id.* at ¶60. The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A). *Id.* at ¶61. The Defendant received a 2-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. § 2G2.1(b)(2)(A). *Id.* at ¶62. The Defendant received a 4-level upward adjustment because the offense portrayed sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.1(b)(4). *Id.* at ¶63. The Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5). *Id.* at ¶64. And the Defendant received a 2-level upward adjustment because the victim was physically restrained during the course of the offense pursuant to U.S.S.G. § 3A1.3. *Id.* at ¶65. The adjusted offense level for Count Seven was 46. *Id.* at ¶68.

8

5.  **Child Victim 3 (CV-3):**  The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1.  *Id.* at ¶69.  The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A).  *Id.* at ¶70.  The Defendant received a 4-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. § 2G2.1(b)(2)(A).  *Id.* at ¶71.  The Defendant received a 4-level upward adjustment because the offense portrayed sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.1(b)(4).  *Id.* at ¶72.  And the Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5).  *Id.* at ¶73.  The adjusted offense level for Child Victim 3 was 44.  *Id.* at ¶77.

6.  **Child Victim 4 (CV-4):**  The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1.  *Id.* at ¶78.  The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A).  *Id.* at ¶79.  The Defendant received a 4-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. §

2G2.1(b)(2)(A). *Id.* at ¶80. And the Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5). *Id.* at ¶81. The adjusted offense level for Child Victim 4 was 40. *Id.* at ¶85.

7. **Child Victim 6 (CV-6):** The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1. *Id.* at ¶86. The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A). *Id.* at ¶87. The Defendant received a 4-level upward adjustment because the offense involved the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b) pursuant to U.S.S.G. § 2G2.1(b)(2)(B). *Id.* at ¶88. The Defendant received a 4-level upward adjustment because the offense portrayed sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.1(b)(4). *Id.* at ¶89. The Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5). *Id.* at ¶90. And the Defendant received a 2-level upward adjustment because the victim was physically restrained during the course of the offense pursuant to U.S.S.G. § 3A1.3. *Id.* at ¶91. The adjusted offense level for Child Victim 6 was 48. *Id.* at ¶94.

10

8.    **Child Victim 8 (CV-8):**  The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1.  *Id.* at ¶95.  The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A).  *Id.* at ¶96. The Defendant received a 2-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. § 2G2.1(b)(2)(A).  *Id.* at ¶97.  The Defendant received a 4-level upward adjustment because the offense portrayed sadistic or masochistic conduct pursuant to U.S.S.G. § 2G2.1(b)(4).  *Id.* at ¶98.  And the Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5).  *Id.* at ¶99.  The adjusted offense level for Child Victim 8 was 44.  *Id.* at ¶103.

9.    **Child Victim 9 (CV-9):**  The base offense level for using a minor to engage in sexually explicit conduct for the purpose of producing child pornography was a 32 pursuant to U.S.S.G. § 2G2.1.  *Id.* at ¶104.  The Defendant received a 4-level upward adjustment because the offense involved a minor child who had not attained the age of twelve years pursuant to U.S.S.G. § 2G2.1(b)(1)(A).  *Id.* at ¶105.  The Defendant received a 2-level upward adjustment because the offense involved the commission of a sexual act or sexual contact pursuant to U.S.S.G. §

11

2G2.1(b)(2)(A).  *Id.* at ¶106.  And the Defendant received a 2-level upward adjustment because the victim involved was in the custody, care or supervisory control of the Defendant pursuant to U.S.S.G. § 2G2.1(b)(5).  *Id.* at ¶107.  The adjusted offense level for Child Victim 9 was 40.  *Id.* at ¶111.

A combined adjusted offense level was determined using the multiple count adjustment, pursuant to U.S.S.G. § 3D1.4.  Each count of conviction and each individual victim was considered as a separate group, pursuant to U.S.S.G. § 2G2.1(d)(1).  The following calculations were made:

| Count # | Adjusted Offense Level | Units |
|---------|------------------------|-------|
| 1   | 48 | 1.0 |
| 2   | 38 | 0.0 |
| 5   | 44 | 1.0 |
| 7   | 46 | 1.0 |
| CV3 | 44 | 1.0 |
| CV4 | 40 | 0.5 |
| CV6 | 48 | 1.0 |
| CV8 | 44 | 1.0 |
| CV9 | 40 | 0.5 |
| Total Number of Units: | | 7.0 |

*Id.* at ¶112.  The greater of the adjusted offense levels was 48.  *Id.* at ¶113.  Pursuant to U.S.S.G. § 3D1.4, there was a 5-level increase to this level because the total number of units exceeded 5.  *Id.* at ¶114.  Thus the combined adjusted offense level was calculated as 53.  *Id.* at ¶115.  However, pursuant to Chapter 5, Part A (comment n.2), the total combined offense level was determined to be 43, as an offense level of 43 or higher is treated as a 43.  *Id.* at ¶118.

12

The Defendant had a total of 4 criminal history points. *Id.* at ¶140. An additional 2 criminal history points were added because the Defendant committed the instant offenses while on probation, resulting in a total criminal history score of 6. *Id.* at ¶141. The Defendant was a criminal history category of III. *Id.* at ¶142. Based on a total combined offense level of 43 and a criminal history category of III, the Defendant's advisory guideline range as to each count was life imprisonment. *Id.* at ¶189. However, the advisory guideline range for each count exceeded the statutorily authorized maximum sentence; therefore, the PSR determined that the advisory guideline range was 1,440 months, or four counts of conviction times the maximum statutory penalty of 360 months. *Id.* The Defendant did not object to the calculation of her advisory guideline range.

At the sentencing hearing, the Defendant requested a downward variance to the statutory mandatory minimum sentence of 15 years imprisonment and concurrent terms of imprisonment on each count. Tr. Sentencing Hr'g, p. 54. The Defendant presented the testimony of two of his brothers, who testified about the horrific conditions that the Defendant grew up in while in his mother's care – that the Defendant's mother was an alcoholic and drug abuser; that the Defendant's mother regularly showed pornographic movies in the home while the Defendant and his brothers were home; and that the Defendant's mother was physically and sexually abusive towards the Defendant and allowed other men to sexually abuse

the Defendant and his brother. *Id.* at 8-11, and 15-18. The Defendant's father also testified that the Defendant exhibited significant mental and emotional problems from a young age and that he had only recently become aware of the sexual abuse that the Defendant suffered while in the custody of his mother, because the Defendant had hid this from him. *Id.* at 25-29. The PSR also detailed the Defendant's extensive medical history of bipolar disorder, obsessive compulsive disorder, schizophrenia, Attention-Deficit Disorder, and panic disorder. Pre-Sentence Report at ¶¶166-173.

The Defendant also argued that his early cooperation, *i.e.*, voluntarily leading investigators to the hard drives containing the child pornography, led to his and Williams' arrests in this matter. Tr. Sentencing Hr'g, p. 52-53. The Defendant argued that without the hard drives, the Government would not have had the evidence to prosecute he and Williams. *Id.*

The district court considered the Defendant's arguments for a variance sentence but declined to vary from the advisory guidelines. Specifically, the court noted:

> "[t]he number of children who were abused, the nature of the conduct that was recorded is just beyond words. The fact remains that there are many victims who were raped by the defendant and his codefendant, and they captured this on video, and that kind of conduct is, I think, deserving of the most serious punishment that can be imposed for this case because the need to recognize the seriousness of the offense, to provide just punishment, and to protect the public from further crimes."

*Id.* at 58.    The district court imposed the maximum statutory punishment of 360 months imprisonment for each count, and imposed the judgments in each count to run consecutive to one another.    *Id.*   The district court further imposed a term of lifetime supervised release. *Id.* at 59.   The remaining counts of the Indictment against the Defendant were dismissed.  *Id.*

Judgment was entered on January 17, 2013.  Notice of appeal was filed on January 30, 2013.

## SUMMARY OF THE ARGUMENT

This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988) and *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988).

Counsel for the Defendant has determined, after a conscientious examination of the whole record for the Defendant's case, that the Defendant has no meritorious grounds for appeal. Nonetheless, this brief is submitted to fulfill the Defendant's desire to pursue an appeal from his sentence.

# ARGUMENT

## AFTER A THOROUGH AND EXTENSIVE SEARCH OF THE RECORD, COUNSEL FOR THE DEFENDANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HIS BEHALF IN THIS APPEAL.

### *Standard of Review*

The standard of review of an *Anders* submission is *de novo* of the entire record and all pertinent documents. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

### *Discussion*

After a thorough and extensive search of the record, Counsel for the Defendant has concluded that there are no meritorious grounds to be raised on his behalf in this appeal within the meaning of *Anders*. Although counsel has reached this conclusion, counsel does assert as alternative issues the following: (1) whether the Defendant's guilty pleas were not knowingly and voluntarily entered; (2) whether the appeal waiver contained in the Defendant's plea agreement was valid; and (3) whether the Defendant's sentence was unreasonable.

### *Rule 11 Colloquy*

Rule 11 of the Federal Rules of Criminal Procedure requires that the district court, prior to accepting a guilty plea, conduct a plea colloquy to inform the defendant of the charges to which he is pleading guilty, and to determine whether the defendant comprehends the nature of the charges, any mandatory minimum

penalty, the maximum statutory penalty, and the rights the defendant relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court must also ensure that the defendant's plea is voluntary and that there is a factual basis for the entry of the guilty plea. Fed. R. Crim. P. 11(b)(2), (3).

In reviewing the district court's compliance with Rule 11, this Court affords deference to the district court's decision as to how to conduct the colloquy. *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Where a defendant does not move to withdraw his guilty plea in the district court, or raise any objections to the Rule 11 colloquy, this Court reviews the colloquy for plain error. *United States v. Martinez*, 277 F.3d 517, 524-26 (4th Cir. 2002).

In this matter, the Defendant did not move to withdraw his guilty plea or raise any objections to the Rule 11 colloquy. However, upon a review of the transcript of the Rule 11 hearing, the Defendant initially did express some difficulty in understanding the nature of the proceedings. At one point during the colloquy, the Defendant stated:

> "I've lost another significant amount of weight and I'm trying to understand all of this and – the best I can, and I've explained to [my lawyer], I can't lie to you, I'm trying to understand everything, you know what I'm saying."

Tr. Rule 11 Hr'g, p. 7-8. The Defendant stated at another point during the colloquy:

"I don't understand any of it. He's explained thing to me. I mean, I understand a guilty plea, but I don't understand if I'm here for a plea or I'm here for a plea arrangement. I mean, I don't understand none of that."

*Id.* at 9. Based upon the confusion and lack of understanding of the nature of the proceedings expressed by the Defendant, the district court took a recess and allowed the Defendant to consult with his counsel. *Id.* at 9-10.

After a 25 minute recess, the district court resumed the colloquy. *Id.* at 10. The district court began by summarizing the nature of the proceedings, *i.e*., that the Defendant was there to enter a plea of guilty, but that the Defendant could choose to plead not guilty and go to trial. *Id.* at 13-14. In response, the Defendant indicated that it was his desire to plead guilty. *Id.* at 15. The district court then went on to advise the Defendant of the charges he was pleading guilty to (*Id.* at 15-16); the essential elements that the Government must prove as to each count if the Defendant were to go to trial (*Id.* at 35-37); the minimum and maximum statutory penalties for each count (*Id.* at 26); and the constitutional rights that the Defendant would relinquish upon the acceptance of his guilty pleas (*Id.* at 34-35). The Defendant orally evidenced his understanding of each of the same. The Defendant also testified that no one made promises to him outside of those contained in the written plea agreement with the Government. *Id.* at 23-25.

Additionally, a written factual basis was filed in the district court, which set forth facts to support the entry of the Defendant's guilty pleas and contained the

19

essential elements of the offenses that the Defendant pled guilty to. The Defendant

was provided notice of the written factual basis and did not object to it. *Id.* at 41.

Lastly, the district made a finding on the record that the Defendant was

competent to enter a guilty plea. The district court stated:

> "It is a finding of the Court then that Mr. Hallman is competent
> and capable of entering an informed plea. I've read the competency
> evaluation, as I mentioned, I've heard from his attorney and I've had
> quite a long discussion with him this morning about his situation. He
> is obviously an intelligent person, finds himself in a difficult situation.
> I know the law is complicated and it can be confusing, especially the
> interaction between state and federal court and the federal sentencing
> rules.
>
> So the fact that he's had some questions about that I think just
> show he's paying attention. And I do not have any concerns about his
> competence and I'm satisfied that he is able to assist in his defense
> and make his own decisions.
>
> I will further find that he is aware of the nature of the charges
> and the consequence of a guilty plea, and his plea of guilty to these
> four counts is a knowing and voluntary plea.

*Id.* at 40-41.

Thus, it appears from the record, that despite the Defendant's initial

confusion or lack of understanding of the nature of the proceedings, that that the

district court complied with Rule 11's requirements and that the Defendant

knowingly and voluntarily entered his guilty pleas. However, the Defendant

requests that this Court review the record in its entirety to determine if the district

court complied with Rule 11.

### *Validity of Appeal Waiver*

The question of whether a defendant validly waived his right to appeal is reviewed by this court *de novo*. *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010). A defendant may knowingly waive his right to appeal his sentence pursuant to a plea agreement. *Id.* at 627. An appeal waiver precludes the appeal of a specific issue if the appeal waiver is valid and the issue being appealed is within the scope of the appeal waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005).

An appeal waiver is valid if a defendant knowingly and intelligently waives his right to appeal. *Manigan*, 592 F. 3d at 627. To determine whether a defendant knowingly and intelligently waives his right to appeal, the court must look at the "totality of circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002). In general, if a court fully questions the defendant about the appeal waiver during the Rule 11 colloquy, the waiver is valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

The district court discussed the appeal waiver with the Defendant during the Rule 11 colloquy. The district court advised the Defendant that pursuant to his plea agreement with the Government, he was waiving his right to appeal his

conviction and sentence, except on the grounds of ineffective assistance of counsel, prosecutorial misconduct, a sentence in excess of the statutory minimum, or a sentence based upon an unconstitutional factor. Tr. Rule 11 Hr'g, p. 32-33. The Defendant indicated his understanding of the appeal waiver and the scope of the exceptions.

Thus, from the record, it appears that the Defendant knowingly and intelligently waived his right to appeal his conviction and sentence, except in very narrow circumstances, and that the appellate waiver is valid. Moreover, it appears that the scope of the appellate waiver precludes an appeal on the bases of the validity of the Rule 11 hearing and of the reasonableness of the Defendant's sentence. However, the Defendant requests that this Court review the record in its entirety to determine if the appeal waiver is valid and whether the appeal in this matter is precluded by said waiver.

### *Reasonableness of Sentence*

A sentence is reviewed for its procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). The reasonableness of a sentence largely depends upon the specific facts of the case and the district court's consideration and application of the § 3553(a) factors to those facts. *United States v. Moreland*, 437 F.3d 424, 433 (4th Cir. 2006). In considering whether a sentence is

unreasonable, the district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *Id.*

In determining whether a sentence is procedurally reasonable, this Court must determine whether the defendant's advisory guidelines range was properly calculated, whether the district court failed to consider the arguments of the parties or the factors set out in 18 U.S.C. § 3553(a), whether the district court selected a sentence based upon "clearly erroneous facts," or whether the district court failed to sufficiently explain the reasons for the imposition of its sentence. *Id.* at 49-50. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

This Court reviews the substantive reasonableness of a sentence by assessing the totality of the circumstances, including the extent of any variance from the advisory Guidelines range. *Id*. at 51. A sentence within a correctly calculated advisory guidelines range is presumptively reasonable. *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008); *See Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) (holding that "a court of appeals may apply

a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines").

Procedural errors at sentencing, such as an improperly calculated advisory guidelines sentence, are "routinely subject to harmlessness review." *Puckett v. United States*, 556 U.S. 129, 141, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009). This Court has held that a sentencing error is harmless "if the resulting sentence was not longer than that to which [the defendant] would otherwise be subject." *United States v. Mehta*, 594 F.3d. 277, 283 (4th Cir. 2010) (internal quotations omitted).

In this matter, the Defendant did not object to the calculation of his advisory Guideline range. In calculating the total offense level for Counts One, Two, Five, and Seven, the PSR properly treated each count and individual victim separately. U.S.S.G. § 2G2.1(d). The PSR properly assessed specific offense characteristics enhancements and victim-based enhancements when applicable. The PSR also properly applied the multiple count adjustment to the greater of the adjusted offense levels, which resulted in a combined offense level of 53. Because the maximum offense level under the advisory guidelines is 43, the total offense level became a 43.

Based upon a total offense level of 43 and a criminal history category of III, the Defendant's advisory guideline range was lifetime imprisonment. However, because the statutory maximum punishment was less than the advisory guideline

range, the PSR determined that the advisory guidelines range then became 1,440 months, or 4 times the maximum statutory penalty for each count of conviction. This is an incorrect guidelines calculation, in that an advisory guideline range of 1,440 months still exceeds the maximum statutory penalty of 30 years, or 360 months. Where the statutory maximum punishment exceeds the minimum of the applicable guideline range, the statutorily authorized maximum sentence becomes the guideline sentence. U.S.S.G. § 5G1.1(a).

Although the advisory guideline sentence was calculated incorrectly, it nevertheless is an accurate statement of the maximum punishment that the Defendant could have received if the district court sentenced the Defendant to the maximum statutory punishment on each count and ran each judgment consecutive to one another. Since each count of conviction was treated separately and not grouped together, the district court was well within its discretion to impose concurrent or consecutive judgments. The PSR correctly noted the following:

> "[i]n implementing a sentence on multiple counts of conviction, U.S.S.G. § 5G1.2(d) notes, 'If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.'"

PSR Sentencing Recommendation, (n.*).   Thus, the Defendant was subject to consecutive judgments in the 4 counts of conviction[1].

Even though the district court relied on an incorrect advisory guideline sentence of 1,440 months, the imposition of four consecutive 360 month sentences is still substantively reasonable based on 3553(a) factors.   From the record, it appears that the district court considered the 3553(a) arguments advanced by the Defendant – that the Defendant's history of emotional and repeated sexual abuse, his history of mental illness, and his cooperation with law enforcement, warranted the court to vary down to the statutory mandatory minimum sentence in each count and to run the judgments concurrently.

The district court declined to vary down to the statutory minimum mandatory penalty, and adequately explained its rationale in not doing so, citing as grounds the number of child victims who were raped by the Defendant and his codefendant and the fact that they recorded their crimes.   The district court announced on the record that it intended to sentence the Defendant to the most severe punishment under the law, because of the seriousness of the offense, the need to provide just punishment, and the need to protect the public from further crimes of the Defendant.   And regardless of the incorrect calculation of the

---

[1]It should be noted that nothing in the record suggests that the district court believed that it was required to impose consecutive judgments in this matter or was bound to sentence the Defendant to 1,440 months imprisonment, as recommended by the PSR.

26

advisory guideline sentence, the district court clearly understood how to fashion the most severe punishment authorized by law when it imposed 4 consecutive 360-month sentences, and not 1,440 months imprisonment, as recommended in the PSR.

It appears from the record that in sentencing the Defendant, the district court did not rely on any "clearly erroneous facts" and did engage in an individualized assessment as required by *Gall* when imposing its sentence in this matter. *Gall*, 552 U.S. at 50. It further appears that the district court's sentence was reasoned and based upon the totality of the circumstances. However, the Defendant requests that this Court review the record in its entirety to determine whether his sentence was procedurally and substantively reasonable.

## CONCLUSION

For the foregoing reasons, the Defendant, David Matthew Hallman, respectfully requests that this Court examine the record in its entirety and grant relief to him as appears warranted.

Respectfully submitted this the 27th day of August, 2013.

/s/ STACEY D. RUBAIN
Stacey D. Rubain
N.C. State Bar Number 26690
301 N. Main Street, Suite 2020
Winston-Salem, NC  27101
(336) 725-6600
Email: stacey@qrlawnc.com

*Counsel for Defendant-Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) because:

    This brief contains <u>5,795</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    This brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

<u>/s/ Stacey D. Rubain</u>
Stacey D. Rubain

*Counsel for Appellant*

Dated:  August 27, 2013.

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 27, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Anand Ramaswamy
Assistant United States Attorney
Office of the United States Attorney
101 South Edgeworth Street
P.O Box 1858
Greensboro, NC  27402

*Counsel for the Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

David M. Hallman, #0163159
Marion CI
Box 2405
Marion, NC  28752

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219